## McCrea *v.* Sisler.

*Married women—Judgment for surety—Judgment—Consideration.*

A judgment entered on a judgment note signed by a married woman as surety for her husband will be opened, notwithstanding the fact that the wife subsequently agreed to pay the note upon condition that the plaintiff should assign all his claim against the husband to her, his only claim being the note in question.

Argued April 15, 1901. Appeal, No. 31, April T., 1901, by W. A. McCrea, from order of C. P. Fayette Co., Dec. T., 1895, No. 442, making absolute rule to open judgment in the case of W. A. McCrea v. J. G. Sisler and Lottie A. Sisler. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to open judgment.

From the record it appeared that the judgment had been entered against J. G. Sisler and L. A. Sisler, his wife, on a judgment note which Mrs. Sisler had signed as surety for her husband. The plaintiff filed an answer to the petition for the rule, averring that the defendant had on June 23, 1897, acting in her right and for the interest of her separate estate, agreed to pay the judgment upon the condition that the plaintiff should assign to her all his claims of every kind against her husband.

The court made absolute rule to open the judgment.

*Error assigned* was the order of the court.

*J. G. Carroll*, with him *S. E. Ewing*, for appellant.

*E. C. Higbee*, of *Sterling, Higbee & Dumbauld*, for appellee.

PER CURIAM, May 23, 1901:

The plaintiff's answer practically admits the averment of the defendant's petition that Mrs. Sisler signed this judgment note as surety for her husband, but alleges that subsequently she, for a valuable consideration, promised to pay it. The alleged consideration for this promise was the promise of the plaintiff to transfer all his claim of every kind against J. G. Sisler, her husband. As it does not appear that the plaintiff held any other claim against Sisler, excepting the two judgment notes which she promised to pay, it would seem as the case is now presented, that the plaintiff's promise amounted to no more than the law would have accorded to the defendant as surety on payment of the notes. We fail to see, therefore, what new consideration there was to support her promise. Further, this is not an action upon the new contract but a proceeding to enforce summarily the collection of a judgment note upon which admittedly she was only surety. To have refused to open the judgment under the circumstances would have been clear error.

The order is affirmed and appeal dismissed at the costs of the appellant.